IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:16CR152 |
| vs. | ORDER |
| STANLEY D. ADKINS, | |
| Defendant. | |

This matter is before the Court on defendant Stanley D. Adkins's ("Adkins") Motion for Release Pending Appeal under 18 U.S.C. § 3143(b)(1) or Request to Extend Self-surrender Date (Filing No. 122). Adkins pled guilty to two counts related to the distribution of methamphetamine, and the Court sentenced him to 40 months imprisonment. Adkins appealed, arguing, in part, "that this Court's judgment and sentence violates both the supervised-release statute and 18 U.S.C. § 3553(a)(6)." According to Adkins, his prison sentence creates "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" because the Court sentenced his co-conspirators to probation.

Adkins bears the burden of showing he is entitled to release pending appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc). "The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal." *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996). "The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" *Id.* (quoting *Powell*, 761 F.2d at 1231).

Under 18 U.S.C. § 3143(b)(1)(B), the Court generally must "order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless," the

Court finds, among other things, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." A question is "substantial" if it "is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ . . . or that the issue is fairly debatable or not frivolous." *Powell*, 761 F.2d at 1234-35.

Having carefully reviewed the record, the Court finds Adkins's has failed to meet his burden under 18 U.S.C. § 3143(b)(1). Even if the Court assumes Adkins could meet every other statutory requirement, the Court is unable to find Adkins's appeal "raises a substantial question of law or fact." Accordingly, Adkins's Motion for Release Pending Appeal or Request to Extend Self-surrender Date (Filing No. 122) is denied.

IT IS SO ORDERED.

Dated this 9th day of May, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge